**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**AVERY DEMOND JETER,**

         **Petitioner,**

**v.**                                             **Civil Action No. 5:17cv98
(Judge Stamp)**

**JENNIFER SAAD,**

         **Respondent.**

**REPORT AND RECOMMENDATION**

**I. Introduction**

On June 28, 2017, the *pro se* Petitioner, Avery Jeter, an inmate incarcerated at FCI Gilmer in Glenville, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he indicates that he is challenging his sentence. ECF No. 1. The Petitioner has satisfied the filing fee. ECF No. 11.

The matter is assigned to the Honorable Frederick P. Stamp, United States District Judge, and is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**II. Factual and Procedural History[1]**

---

[1] The facts are taken from the Petitioner's criminal Case No. 7:07cr695 in the United States District Court for the District of South Carolina, available on PACER. Unless otherwise noted, the ECF entries in this section refer to that criminal case. <u>Philips v. Pitt Cnty. Mem. Hosp.</u>, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); <u>Colonial Penn. Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

### A.  Conviction and Sentence

On June 12, 2007, a grand jury sitting in the District of South Carolina returned a three count indictment charging the Petitioner with (1) felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); (2) possession with intent to distribute a quantity of marijuana, a Schedule I controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); and (3) using and carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).  ECF No. 1. On September 25, 2007, the Petitioner entered a guilty plea to Counts One and Three. ECF No. 24.

In preparation for sentencing, The United States Probation Office prepared a Presentence Report ("PSR). The PSR determined that the Petitioner had two convictions which qualified him as a career offender under guideline § 4B1.1[2], those being a South Carolina conviction for Burglary and a South Carolina conviction for a drug offense. Based on the career offender enhancement, the Petitioner faced a guideline range of 262-327 months.[3]

On January 12, 2009, the Petitioner appeared for sentencing. ECF No. 70. The district court adopted the PSR and found him to be a career offender. The Petitioner was sentenced to 262 months imprisonment, five years of supervised release, and a $200 special assessment fee. ECF No. 72.

---

[2] USSG § 4B1.1(a) provides that "A defendant is a career offender if (1) the defendant was at least 18 years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has a least two prior felony convictions of either a crime of violence or a controlled substance offense.

[3] The undersigned does not have access to the Petitioner's PSR, and the sentencing transcripts do not provide detailed information regarding the Petitioner's guideline range. Therefore, the undersigned has relied on the representations contained in the various pleadings found on his criminal docket.

**B. Appeal**

On January 21, 2009, the Petitioner filed an appeal with the Fourth Circuit. <u>See</u> 09-4075 (4th Cir.). On October 30, 2009, the parties filed a joint motion to remand for resentencing to correct a sentencing error. The parties indicated that the district court reversed the sentences it intended to impose for counts one and three. Doc. No. 32. On November 3, 2009, the Fourth Circuit remanded the case for further proceedings. Doc. No. 36-1.

On April 26, 2010, the District of South Carolina entered an amended judgment. ECF No. 107 The total term of imprisonment remained the same as did the term of supervised release and the amount of the special assessment.[4]

On March 5, 2010, the Petitioner filed another notice of appeal. ECF No. 108. The Petitioner alleged that the district court committed procedural error by failing to adequately explain the sentence imposed. On January 13, 2011, the Fourth Circuit affirmed the Petitioner's sentence. <u>See</u> 10-4250 (4th Cir.), Doc. No. 23. In its decision, the Fourth Circuit noted that at his sentencing hearings, the district court afforded the Petitioner an opportunity to allocute and defense counsel an opportunity to argue for a sentence below the Guideline range; namely, overrepresentation of criminal history, the Petitioner's troubled childhood and new parental responsibilities. In conclusion, the Fourth Circuit determined that the Petitioner's sentence would not be impacted by a more thorough explanation.

**C. Motion to Vacate**

---

[4] The original judgment sentenced the Petition to a term of 120 months as to count one and 262 months concurrent as to count three. ECF No. 72. The amended judgment sentenced the Petitioner to a term of 120 months as to count one and 142 months consecutive as to count 3. ECF No. 107.

On July 5, 2018, the Petitioner filed a pro se Motion Under § 2255. As grounds for relief, the Petitioner alleged that he was denied effective assistance of counsel. More specifically, he alleged that: (1) counsel failed to investigate his case or present evidence during pre-trial; (2) counsel was ineffective for not challenging the search in this case or moving to suppress all evidence; (3) his guilty plea was not knowingly and voluntarily made; and (4) a violation of the Fifth Amendment in that he had a right to have criminal facts-conduct which caused him to receive punishment to be framed in the indictment. ECF No. 126. On September 15, 2011, the district court denied the Petitioner's motion. ECF No. 134.

On October 17, 2011, the Petitioner filed a Notice of Appeal. ECF No. 137. On February 28, 2012, the Fourth Circuit denied the Petitioner a certificate of appealability and dismissed the appeal. See 11-7405 (4th Cir.) Doc. No. 5.

On July 16, 2012, the Petitioner filed a second Motion Under Section 2255. ECF No. 146. On July 23, 2012, the district court dismissed the motion as an unauthorized second § 2255 motion. ECF No. 147.

On August 24, 2012, filed another Motion to Vacate Under Section 2255. ECF No. 155. On September 14, 2012, the district court dismissed the motion because the Petitioner again had not received pre-filing authorization from the Fourth Circuit. ECF No. 157.

On February 13, 2013, the Fourth Circuit denied the Petitioner's Motion for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. § 2255. ECF No. 160.

On June 20, 2016, the Petitioner filed a pro se motion with the Fourth Circuit seeking authorization for the district court to consider a successive motion under 28 U.S.C. § 2255 based on the decision in Johnson v. United States, 135 S.Ct. 2551 (2015). See 16-9344 (4th Cir.), Doc. No. 2. On June 27, 2017, the motion was granted. Doc. No. 8. On that same day, the Petitioner, by counsel, filed his Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255. ECF No. 178. In it, the Petitioner alleged that his PSR listed Burglary as a violent crime. The Petitioner maintained that his conviction for Burglary did not qualify as a predicate offense under the "force clause." Moreover, even though burglary of a dwelling is an enumerated offense under § 4B1.2(a)(2), the Petitioner argued that the offense under which he was convicted is non-generic burglary because a building in South Carolina can be a watercraft, aircraft or a vehicle. Therefore, the Petitioner maintained that Johnson applied to his case because a non-generic burglary or burglary of a building could only be considered violent under the residual clause. In response, the United States argued that the Petitioner's reliance on Johnson, was misplaced because his sentence was not based on the ACCA, but instead, was pursuant to the advisory guidelines. ECF No. 189. On May 30, 2017, the district court denied the Petitioner's motion to correct his sentence after finding that the decision in Beckles v. United States, 137 S.Ct. 866 (2017) foreclosed his argument that the holding in Johnson extended to his designation as a career offender under the residual clause of the Guidelines. ECF No. 190.

### D.    Instant § 2241 Petition

The Petitioner indicates that his petition concerns his sentence. More specifically, the Petitioner cites to the Supreme Court's decision in Mathis and Descamps to argue

that his Fifth Amendment right of due process was violated when he assessed as a career criminal.

Petitioner contends that § 2255 is inadequate or ineffective to test the legality of his detention because "[he] filed a previous section 2255, then <u>Mathis</u> will not survive the constitutional challenge of a sections 2244. Therefore, the 2241 is the only vehicle for relief." ECF No. 1 at 9. For relief, the Petitioner requests that this Court correct his current sentence. ECF No. 1 at 8.

### III. Legal Standard

#### A.    Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; <u>see also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.    Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and

must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C.   Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[6] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

---

[6]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.  The date on which the judgment of conviction becomes final;
    b.  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.  The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.  The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added).  The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

### IV. Analysis

Although the Petitioner does not specifically address the savings clause, it is clear that he is not entitled to its application.  Because the Petitioner is challenging his sentence, the Court must review the petition under the four-part Wheeler test.  As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed.  However, the Petitioner cannot meet the second element of the Wheeler test, because any change to the settled law which established the legality of the Petitioner's sentence has not been deemed to apply retroactively to cases on collateral review.  Because the Petitioner cannot meet the second prong of the Wheeler test, this Court does not need to consider the third or fourth parts of the test.

The Petitioner relies on Mathis v. United States[7], 136 S.Ct. 2243 (2016) for his argument that his sentence was improperly enhanced. However, the Petitioner's reliance on this case is misplaced. Mathis does not apply retroactively in this Circuit. Walker v. Kassell, __ Fed. Appx. __, 2018 WL 2979571 (June 13, 2018).   See also Stewart v. United States, No. Elh-17-1408. 2017 WL 2361809, at *5 (D.Md. May 31, 2017) (§ 2255 case collecting cases holding that Mathis is not retroactive); Brandon v. Wilson, No. 3:16cv142, 2017 WL 707497, at *4 (N.D.W. Va. Jan. 30, 2017) (§ 2241

---

[7] In Mathis, the Supreme Court clarified the proper application of the categorical and modified categorical approach used in determining whether prior crimes can be considered as predicate offenses for sentencing enhancements under the ACCA, 18 U.S.C. § 934(e), and found that Iowa's burglary statute encompassed conduct broader than  that encompassed by federal generic burglary as defined in Taylor v. United States, 495 U.S. 575, 598 (1990) and, thus, did not qualify as a crime of violence under the ACCA.

case collecting cases holding <u>Mathis</u> is not retroactive). Accordingly, the Petitioner cannot meet the second prong of <u>Wheeler</u>.  Because the Petitioner attacks the validity of his sentence, but fails to establish that he meets all four prongs of the <u>Wheeler</u> savings clause test for erroneous sentences, the Petitioner cannot demonstrate that § 2255 is inadequate or ineffective remedy and has improperly filed his petition under § 2241 with respect to his sentence.[8]

In summary, because the Petitioner cannot meet the savings clause of § 2255 under the <u>Wheeler</u> test, the Petitioner's claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED without prejudice.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the

---

[8] The undersigned notes that in his Memorandum of Law in support of his § 2241 petition, the Petitioner cites a litany of cases decided by the United States and the various circuits. However, not one case cited by the Petitioner from the Supreme Court, other than <u>Johnson</u>, has been held retroactive to cases on collateral review. Moreover, as already noted by the District of South Carolina, <u>Johnson</u>, in which the Supreme Court struck the residual clause of the ACCA for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment, does not apply to sentences under the advisory Guidelines. Furthermore, the Petitioner has not cited to any Fourth Circuit opinion which is retroactively applicable, and decisions by other appellate courts are not binding.

basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  July 12, 2018

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE