IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AVERY DEMOND JETER,

    Petitioner,

v.                                  Civil Action No. 5:17CV98
                                            (STAMP)

JENNIFER SAAD,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND OVERRULING PETITIONER'S OBJECTIONS**

I. Procedural History

The pro se[1] petitioner, Avery Demond Jeter ("Jeter"), an inmate formerly incarcerated at FCI Gilmer in Glenville, West Virginia,[2] filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241") challenging the validity of his sentence. The petitioner asserts that his Fifth Amendment right of due process was violated when he was assessed as a career criminal. Petitioner contends that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention because "[he] filed a previous section 2255, then Mathis will not survive the constitutional challenge of a section 2244. Therefore, the 2241 is

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

[2] Petitioner filed a change of address notice to indicate that he is now at FCC Coleman Low in Coleman, Florida. ECF No. 12.

the only vehicle for relief." ECF No. 1 at 10. For relief, petitioner requests that this Court correct his current sentence. ECF No. 1 at 8.

The action was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. The magistrate judge filed a report and recommendation recommending that petition be denied and dismissed without prejudice. ECF No. 13. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within 14 days after being served with copies of the report. Following this Court's order granting the petitioner's motion requesting an extension of time (ECF No. 16), the petitioner filed objections. ECF No. 18.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u> as to those findings to which the petitioner objected. As to those findings to which

objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

III. Discussion

On de novo review, this Court finds that petitioner's § 2241 petition does not seek relief under any permissible ground as his claims do not relate to the execution or calculation of his sentence by the Federal Bureau of Prisons ("BOP"). Instead, petitioner's claims attack the validity of his sentence, imposed by the District of South Carolina, and such claims are properly contested either on direct appeal or in a § 2255 proceeding, and thus, the instant petition is an attempt to obtain relief under § 2255, and should be treated accordingly.

In his recommendation, the magistrate judge properly recommended that the petitioner's § 2241 petition be dismissed without prejudice after finding that the petitioner's claim is not properly brought under § 2241. The magistrate judge correctly found that because the petitioner is challenging the validity of his sentence, not his conviction, the Court must apply United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), to determine whether § 2255 is inadequate or ineffective. Here, the magistrate judge found that "the [p]etitioner cannot meet the second element

3

of the Wheeler test, because any change to the settled law which established the legality of the petitioner's sentence has not been deemed to apply retroactively to cases on collateral review." ECF No. 13 at 10. In the report and recommendation, the magistrate judge also noted that petitioner's reliance on Mathis[3] is misplaced, as Mathis does not apply retroactively in this Circuit. Id. Additionally, the magistrate judge noted in his report and recommendation (ECF No. 13 at 11 n.8) that in petitioner's memorandum of law in support of his § 2241 petition (ECF No. 10), the petitioner cites a litany of cases decided by the United States and the various Circuits. However, not one case cited by the petitioner from the Supreme Court, other than Johnson,[4] has been held retroactive to cases on collateral review. Moreover, as already noted by the United States District Court for the District of South Carolina, Johnson, in which the Supreme Court struck the residual clause of the Armed Career Criminal Act for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment, does not apply to sentences under the advisory Guidelines. Furthermore, the petitioner has not cited to any United States Court of Appeals for the Fourth Circuit opinion which is retroactively applicable, and decisions by other appellate

---

[3]Mathis v. United States, 136 S. Ct. 2243 (2016).

[4]Johnson v. United States, 135 S. Ct. 2551 (2015).

4

courts are not binding.  Upon de novo review of the petitioner's argument and the report and recommendation, this Court agrees.

In petitioner's objections to the magistrate judge's report and recommendation (ECF No. 18), the petitioner "objects to the magistrate's conclusion that there is no Supreme Court or Fourth Circuit precedent that apply retroactively to invalidate the earlier career-offender designation," stating that "the magistrate's sole focus on Mathis and its progeny is misplaced." ECF No. 18 at 2.  Petitioner then cites to Mathis, Descamps,[5] and "the Fourth Circuit decision in McLeod, 808 F.3d at 972" in support of his argument that change in Circuit law provides him a basis for relief.  Id.  Petitioner cites to Wheeler, and generally asserts that "this [C]ircuit changed the substantive definition of burglary, and that clarifying change brings Mr. Jeter's petition within the second part of the § 2255(e) test."  Id.  Ultimately, petitioner contends that this Court "should reject the magistrate's report and analyze Mr. Jeter's motion de novo."  Id.  For the remainder of his objections, the petitioner asserts that his claim could never be raised under 28 U.S.C. § 2255 and, therefore, this Court should reject the report and recommendation "to avoid an unconstitutional suspension on the part of habeas corpus."  Id. at 2-3.

---

[5] Descamps v. United States, 133 S. Ct. 2276 (2013).

Upon de novo review, this Court finds that although petitioner asserts that he is entitled to relief under the savings clause, it is clear that he is not. Because petitioner is not challenging his conviction, the test under In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000), does not apply and, instead, this Court must review the petition under the four prong savings clause test under United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), for erroneous sentences. The magistrate judge properly analyzed the petitioner's petition accordingly.

In Wheeler, the United States Court of Appeals for the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and

(4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429.

The Fourth Circuit further specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

As to the first prong, this Court finds that it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. However, this Court finds that the petitioner cannot meet the second prong of the Wheeler, because any change to the settled law which established the legality of his sentence has not been deemed to apply retroactively to cases on collateral review. As the magistrate judge correctly noted, because petitioner cannot satisfy the second prong of the four-part test set forth in Wheeler, this Court does not need to consider the third or fourth parts of the test, and petitioner's claim fails.

Upon de novo review, this Court also finds that to the extent the petitioner is impliedly raising arguments based upon the Supreme Court's decisions in Mathis and Descamps, this Court finds that neither of those decisions afford petitioner relief. This Court also finds that petitioner's reliance on McLeod[6] is likewise unavailing. On de novo review, this Court's independent research

---

[6]United States v. McLeod, 808 F.3d 972 (4th Cir. 2015).

7

has not disclosed any decisions holding McLeod retroactive to cases on collateral review.

As to petitioner's remaining objections, this Court finds that petitioner fails to make specific objections to the report and recommendation, and that this Court has conducted an appropriate de novo review.

Because the petitioner attacks the validity of his sentence, but fails to establish that he meets all four prongs of the Wheeler savings clause test for erroneous sentences, the petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy and has improperly filed his petition under § 2241 with respect to his sentence. This Court finds because petitioner fails to meet the second prong of the Wheeler test, his claims may not be considered under § 2241, and this Court is without jurisdiction to consider the petition. Thus, this Court upholds the magistrate judge's recommendation and overrules the petitioner's objections.

## IV. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 13) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED, and the petitioner's objections (ECF No. 18) are OVERRULED.

It is further ORDERED that this case be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: February 20, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE